The Honorable J.W. "Bill" Ramsey State Representative 406 East Graham Street Prairie Grove, AR 72753
Dear Representative Ramsey:
This is in response to your request for an opinion on the following question:
 Can a person who is an elected school board member be also elected and serve as a legislator, or is this a violation? Obviously that person would be holding two elected positions at the same time.
A school board member is eligible to be seated as a member of the General Assembly, in accordance with Article 5, Section 7 of the Arkansas Constitution, which states:
 No judge of the supreme, circuit or inferior courts of law or equity, Secretary of State, Attorney General for the State, Auditor or Treasurer, recorder, or clerk of any court of record, sheriff, coroner, member of Congress, nor any other person holding any lucrative office under the United States or this State (MILITIA OFFICERS, JUSTICES OF THE PEACE, POSTMASTERS, OFFICERS OF PUBLIC SCHOOLS AND NOTARIES EXCEPTED), shall be eligible to a seat in either house of the General Assembly. [Emphasis added.]
The case of Williams v. Douglas, 251 Ark. 555, 473 S.W.2d 896
(1971) offers guidance in this regard wherein the Arkansas Supreme Court construed, and reconciled, Section 7 and Section 10 of Article 5. Section 10 states:
 No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State.
It was contended in Williams v. Douglas, supra, that a school board member is excepted from the ban of Article 5, 10 by the provisions of Article 5, 7, supra. 251 Ark. at 556. The court rejected this argument, distinguishing between the eligibility of persons to a seat in the General Assembly (Art. 5, 7), and the eligibility of a member, once seated, to accept by appointment or election a civil office (Art. 5, 10). The following language is illustrative:
 When the issue under consideration is studied with the view that no constitutional provision enjoys a preference and that none should suffer subordination or deletion, it at once becomes apparent that the two provisions here can be construed according to their plain language and without conflict. In the Legislative Article (Article 5), the framers in Art. 5 7 dealt in terms of who was ineligible to a seat in either house of the General Assembly. IN STATING THAT "NO JUDGE OF THE SUPREME . . . COURT . . . MEMBER OF CONGRESS, NOR ANY OTHER PERSON HOLDING ANY LUCRATIVE OFFICE UNDER . . . THIS STATE . . . SHALL BE ELIGIBLE TO A SEAT . . .," THE FRAMERS MADE AN EXCEPTION IN FAVOR OF MILITIA OFFICERS, JUSTICES OF THE PEACE, OFFICERS OF PUBLIC SCHOOLS AND NOTARIES. IN DOING SO THE FRAMERS APPARENTLY RECOGNIZED THAT EACH HOUSE OF THE GENERAL ASSEMBLY MUST TAKE THE EXCEPTED OFFICERS AS THEY FOUND THEM FOR SEATING PURPOSES AND THAT THOSE MEMBERS COULD SIMULTANEOUSLY HOLD BOTH OFFICES FOR THERE IS NO PROHIBITION TO THE CONTRARY. However in Art. 5 10 the framers took up the eligibility of a member, once he was seated, to accept by appointment or election a civil office during his term of office, and here the PROHIBITION is that no member ". . . shall . . . be APPOINTED or ELECTED to any civil office under this State." The framers made no exception to the PROHIBITION in favor of militia officers, justices of the peace, postmasters, officers of public schools and notaries. Thus, it follows that when Art. 5 7 is read with reference to the ELIGIBILITY of persons entitled to a SEAT in the General Assembly and that when Art. 5 10 is read as a PROHIBITION upon a member after he is seated, there is no apparent conflict between the plain meaning of the two sections. [Emphasis added.]
It is thus apparent that a school board member may be elected and serve as a legislator, in accordance with Arkansas Constitution Article 5, Section 7. The legislator will, however, thereafter be ineligible for re-election to the school board member position.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.